**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CALVIN W. GRAHAM, | No. 10-35661 |
| Plaintiff - Appellant, | D.C. No. 6:08-cv-06367-HO |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted June 10, 2011[**]
Portland, Oregon

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Calvin Graham ("Graham") appeals from the district court's affirmance of

the final decision by the Commissioner of Social Security denying Graham's

application for disability insurance benefits and supplemental security income

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under Titles II and XVI of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo the district court's decision upholding the denial of benefits. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). We affirm.

Graham first contends that the administrative law judge ("ALJ") erred in dismissing the lay witness testimony of his ex-wife, Sharol Graham ("Sharol"). The ALJ provided germane reasons for giving Sharol's testimony limited weight, noting that Graham engaged in almost three years of substantial gainful employment beginning less than a year after Sharol submitted her statements to the disability examiner. Specifically, the record shows that Graham held three jobs during the period in which he claimed that he was disabled. Notably, Graham did not leave any of these jobs due to a physical or mental impairment. *Cf. Lingenfelter v. Astrue*, 504 F.3d 1028, 1038–39 (9th Cir. 2007) (holding that an attempt to work may support a disability claim if it is cut short by disability-related impairments). We therefore conclude that the ALJ did not err in failing to credit Sharol's testimony.

Next, Graham contends that the ALJ erred in failing to comment upon the lay witness testimony of Elizabeth Chaney ("Chaney"). Although we agree that the ALJ erred, the error was harmless. Harmless error analysis applies when an

2

ALJ disregards a lay witness's testimony without comment. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006); *see id.* at 1056 ("[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."). Here, the ALJ's error was harmless because even if the ALJ fully credited Chaney's testimony, there was other significant evidence that supported the ALJ's nondisability determination. Specifically, even if the ALJ credited Chaney's testimony regarding Graham's inability to lift more than ten pounds, and therefore found that Graham was limited to unskilled sedentary work, the vocational expert testified that such jobs were available locally in large numbers. Further, Chaney's testimony concerning Graham's mental health symptoms was duplicative of evidence in the mental health records reviewed by the ALJ. The ALJ fully considered Graham's mental health issues and made appropriate accommodations in his residual functioning capacity determination. Because Chaney's statements were inconsequential to the ultimate disability finding, the ALJ's failure to discuss her testimony was harmless. *See id.* at 1055.

AFFIRMED.

3